"O"

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BIRD BARRIER AMERICA, INC.,** | **CASE NO. SACV 09-0418 AG (RNBx)** |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS CLAIMS 2 AND 5-6** |
| **BIRD-B-GONE, INC.,** | |
| Defendant. | |

    This case concerns alleged patent infringement of a bird deterrent device and related claims. Defendant Bird-B-Gone, Inc. ("Defendant") filed a motion to dismiss claims two, five, and six ("Motion") of the Second Amended Complaint ("SAC"). After considering all papers and arguments submitted, the Court DENIES the Motion.

**BACKGROUND**

The following factual allegations are taken from Plaintiff's Second Amended Complaint ("SAC"), and as it must for this Motion, the Court assumes them to be true.

Plaintiff Bird Barrier America, Inc. ("Plaintiff") is the assignee of U.S. Patent No. 7,481,021 ("the '021 Patent"). (SAC ¶ 7.) This patent "relates to a device that delivers an electric shock to an animal that comes into contact with it." (SAC ¶ 8.) The patented device is primarily used "as a bird deterrent." (SAC ¶ 8.)

Defendant makes and sells a device called the "Bird Jolt Flat Track." (SAC ¶ 10.) According to Plaintiff, this device "incorporates and infringes the inventions protected by one or more claims of the '021 Patent." (SAC ¶ 10.) Further, Defendant "has without authorization used photographs of Plaintiff's products on [its] website and/or in catalogs and advertisements, falsely representing that the product depicted was its own product when in fact it was Plaintiff's." (SAC ¶ 37.) It also "substantially copied other aspects of Plaintiff's catalog and product offerings . . . ." (SAC ¶ 39.) And Defendant has made false and misleading representations concerning its product and its business success. (SAC ¶¶ 34-39.) According to Plaintiff, Defendant was on actual notice of the published patent application during the '021 Patent's prosecution and infringed the claims of the application. (SAC ¶ 27.)

Plaintiff sued Defendant based on these allegations. Plaintiff's SAC asserts claims for (1) patent infringement, (2) pre-issuance damages, (3) false designation of origin, (4) trade dress infringement, (5) copyright infringement, and (6) unfair competition. The Court now considers whether Plaintiffs second, fifth, and sixth claims as alleged in the SAC should be dismissed.

**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

2

1  "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May
2  18, 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007)).  The Court must
3  accept as true all factual allegations in the complaint and must draw all reasonable inferences
4  from those allegations, construing the complaint in the light most favorable to the plaintiff.
5  *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).
6  But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim
7  that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A
8  claim has facial plausibility when the pleaded factual content allows the court to draw the
9  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at
10 1940 (citing *Twombly*, 550 U.S. at 556).  A court should not accept "threadbare recitals of a
11 cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940,
12 or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
13 inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## ANALYSIS

**1.     PLAINTIFF'S CLAIM FOR PRE-ISSUANCE DAMAGES**

Defendant argues that Plaintiff's claim for pre-issuance damages should be dismissed. But Defendant fails to persuade the Court that this claim should be dismissed at the pleading stage.

35 U.S.C. § 154(d) provides that

> a patent shall include the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application for such patent . . . and ending on the date the patent is issued –
> (A) (i) makes, uses, offers for sale, or sells in the United States the invention as claimed in the published patent application or imports such an invention into the United States; or
> (ii) if the invention as claimed in the published patent application is a process, uses, offers for sale, or sells in the United

> States or imports into the United States products made by that process as claimed in the published patent application; and
> (B) had actual notice of the published patent application and, in a case in which the right arising under this paragraph is based upon an international application designating the United States that is published in a language other than English, had a translation of the international application into the English language.

Section 154(d)(2) states that "a reasonable royalty shall not be available under this subsection unless the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application."

In an earlier motion to dismiss filed in this case, the parties disputed the meaning of the phrase "invention as claimed" in Section 154(d)(2). Plaintiff argued that its claim should survive because "invention as claimed" means "the whole of the invention itself ('as claimed')," so the availability of pre-issuance damages under Section 154(d)(2) requires only that the invention disclosed in the application be substantially identical to the invention disclosed in the patent. (Doc. 13.) Defendant disagreed and argued that Section 154(d)(2) requires substantial identity between the actual claims in the application and the patent. (Doc. 14.) The Court agreed with Defendant's construction. Because Plaintiff did not attempt to establish that the actual claims were substantially identical, the Court dismissed Plaintiff's claim, but gave Plaintiff leave to amend. (Doc. 28.)

Plaintiff then filed the SAC, which added allegations that, "[a]lthough the language used in the claims was amended after the application was published, the amendments did not constitute a substantive change to 'the invention as claimed.'" (SAC ¶ 28.) Further, Plaintiff now alleges, "[a]mendments to the claims during prosecution of the application . . . did not constitute a substantive change to the 'invention as claimed.'" (SAC ¶ 29.)

Plaintiff argues that the SAC sufficiently alleges that the claims in the application are substantially identical to the claims in the patent. Defendant disagrees and argues that the claims are not substantially identical because Plaintiff added additional structural limitations that broaden or narrow the scope of the claims. For comparison, Defendant asks the court to construe the claims of the patent application and the issued patent.

1    Although claim construction is a matter of law for the Court to decide, *Markman v.*
2    *Westview Instruments*, Inc., 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), aff 'd, 517 U.S. 370
3    (1996), claim construction is inappropriate at this stage in the litigation.  "[T]he proper time for
4    this Court to address claim construction is not in a motion to dismiss." *Schreiber v. Eli Lilly &*
5    *Co.*, No. Civ. A. 05CV2616, 2006 WL 782441, at *4 n. 10 (E.D. Pa. Mar. 27, 2006) (citing
6    *Markman*, 517 U.S. 370); *see also Yangaroo Inc. v. Destiny Media Technologies Inc.*, No.
7    09-C-462, 2009 WL 2836643, at *3 (E.D. Wis. Aug. 31, 2009)*; Technology Patents, LLC v.*
8    *Deutsche Telekom AG*, 573 F. Supp. 2d 903, 920 (D. Md. 2008); *Cima Labs, Inc. v. Actavis*
9    *Group HF*, Civ. Nos. 07-893, 06-1970, 06-1999, 2007 WL 1672229, at *3 (D.N.J. June 7, 2007).
10   When a Court performs claim construction, it may use both intrinsic evidence such as the patent
11   claims, specification, and prosecution history and, if it is helpful to understand the patent or
12   resolve an ambiguity, extrinsic evidence such as expert and inventor testimony, dictionaries, and
13   learned treatises. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-18 (Fed. Cir. 2005).  "Although
14   the parties have not presented extrinsic evidence in their briefs, the Court sees no need for the
15   parties to hamstring their arguments solely to resolve the claim construction issues at such an
16   early phase of the litigation." *Technology Patents*, 573 F. Supp. 2d at 920.

17    Additionally, Defendant relies on prosecution history outside of the pleadings.  (Mot.
18   13:15-25.)  In a 12(b)(6) motion, the inquiry is limited to the complaint, documents attached or
19   incorporated by reference, and matters of which the Court has taken judicial notice.  *Van Buskirk*
20   *v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Since the prosecution history
21   referred to by Defendant does not fit any of these categories, it is not an appropriate basis for a
22   motion to dismiss.  Although Defendant requests in its Reply that the Court convert this Motion
23   to a summary judgment motion, (Reply 2:14-19), the Court does not consider a reply brief to be
24   adequate notice to Plaintiff that it must defend against a motion for summary judgment.  *See*
25   *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir. 1982).  Plaintiff has had no
26   opportunity to submit evidence outside of the Complaint to supplement its claim constructions.
27   Thus, the Court declines to convert this Motion to a motion for summary judgment.
28

In conclusion, Plaintiff's Complaint sufficiently states a claim for pre-issuance damages. The parties will have the opportunity to present evidence, both intrinsic and extrinsic, of their preferred claim constructions at summary judgment. The Motion to Dismiss Plaintiff's pre-issuance damages claim is DENIED.

**2.      PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM**

Defendant argues that Plaintiff's claim for copyright infringement should be dismissed. The Court disagrees.

The elements of copyright infringement are (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Providing a copyright registration certificate in the complaint creates a presumption of ownership. 17 U.S.C. § 410(c); *Triad Sys. Corp. v. Se. Exp. Co.* 64 F.3d 1330, 1335 (9th Cir. 1995). Further, "no civil action for infringement of the copyright . . . shall be instituted until . . . registration of the copyright claim has been made." 17 U.S.C. § 411(a).

Here, Plaintiff alleges that Defendant infringed the copyright of photographs in its catalog. Plaintiff alleges it is the "true owner of the copyright" and attaches the copyright registration for the entire catalog to the Complaint. (SAC ¶ 47). Before filing the SAC, the registration was amended to be in Plaintiff's name, Bird Barrier America, Inc., instead of the name of Plaintiff's employee, Cameron Riddell. (SAC Exh. C, Supplemental Registration.) But the amendment did not change the original registration's assertion that it was not a work-for-hire. (SAC Exh. C, Original Registration, 2A.)

Based on this defect, Defendant argues that Plaintiff's registration is "defective on its face . . . ." (Reply 14:19-20.) According to Defendant, a commercial entity like Plaintiff cannot own the copyright in a photograph unless it was a work-for-hire or was assigned the copyright by the original author. *See Billy-Bob Teeth v. Novelty, Inc.*, 329 F.3d 586, 591 (7th Cir. 2003). Defendant argues that Plaintiff "shot itself in the wing" by not asserting a work-for-hire or

6

assignment in its Complaint or registration, and thus has not alleged ownership. (Mot. 17:18-20.)

Defendant's argument does not fly, and Plaintiff's "wing" survives unscathed. Defendant ignores other sections of the Copyright Statutes and Ninth Circuit case law.

> A certificate of registration satisfies the requirements of [registration], regardless of whether the certificate contains any inaccurate information, unless–
> (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and
> (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

17 U.S.C. § 411(b)(1). Accordingly, "inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless . . . the claimant intended to defraud the Copyright Office by making the misstatement." *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 1140, 1145 (9th Cir. 2003) (quoting *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997)). If mislabeling a work-for-hire "was inadvertent, little turns on the error; the copyright is not thereby invalidated, nor is the certificate of registration rendered incapable of supporting the action." *Urantia Found.*, 114 F.3d at 963 (citing *Craft v. Kobler*, 667 F. Supp. 120, 125 (S.D.N.Y.1987)).

Here, the Complaint does not reveal that Plaintiff's error was anything but inadvertent. Because Defendant has not established fraud, Plaintiff's mistake does not invalidate its registration or fail to allege ownership for the purposes of this Motion.

The Motion to Dismiss Plaintiff's copyright infringement claim is DENIED.

**3.    PLAINTIFF'S CLAIM FOR UNFAIR COMPETITION**

Defendant now concedes in its reply that Plaintiff's unfair competition claim is sufficiently pled.

**DISPOSITION**

The Motion is DENIED.

IT IS SO ORDERED.

DATED: March 1, 2009

_____
Andrew J. Guilford
United States District Judge